**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 96-40709
Summary Calendar
_____

HORACE JERRERY,

                                        Plaintiff-Appellant,

versus

UNKNOWN WALKER, Correctional Officer,
Beto I, ET AL.,

                                        Defendants,

UNKNOWN WALKER, Correctional Officer,
Beto I,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:95-CV-596
- - - - - - - - - -
October 8, 1998

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Horace Jeffery, # 669340, appeals the judgment, following a bench trial, in favor of the defendant in his a civil rights action under 42 U.S.C. § 1983 alleging an excessive use of force against him. From the conflicting evidence presented at trial, the magistrate judge concluded, under Hudson v. McMillian, 503 U.S. 1, 6-7 (1992), that there was a need to apply force against Jeffery,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the force used was not excessive to the need presented, and that there was no evidence that the officers acted with the intent to harm Jeffery.  Jeffery has not shown that the factual findings supporting these conclusions are clearly erroneous.  See Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985).

Jeffery waived his right to a jury trial by failing to request a jury trial within 10 days of the service of a pleading directed to an issue triable to a jury.  FED.R.CIV.P. 38(b). See also US v. Moore, 340 U.S. 616, 71 S.Ct. 524 (1951) and Lewis v. Thigpen, 767 F.2d 252 (5th Cir. 1985).   Also, the magistrate judge did not abuse his discretion by not allowing Jeffery to present testimony from other inmates who had not been listed as witnesses in accordance with the court's scheduling order.  See Gibbs v. King, 779 F.2d 1040, 1047 (5th Cir. 1986).  The judgment is AFFIRMED.

Jeffery has filed motions for a jury trial, to supplement the record, and for a restraining order.  These motions are either additional argument on his issues for appeal or concern matters that have nothing to do with the current appeal.  These motions are DENIED.

Finally, Jeffery seeks appointment of counsel.  Jeffery has failed to show any exceptional circumstances requiring that he be appointed counsel on appeal.  See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982).  Jeffery's motion for appointment of counsel on appeal is also DENIED.

AFFIRMED; MOTIONS DENIED.